UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,               Case No: 5:04CV0169

AMY BUTRICK,

        Intervening Plaintiff,

V.                                        Hon. GORDON J. QUIST
                                          U.S. District Court Judge

WILCOX GROCERY, LLC
D/B/A/ HARDING'S MARKET

        Defendant.

| ERIC S. DREIBAND | JAMES E. BECK (P27614) |
|---|---|
| General Counsel | BECK & CHAPMAN, P.C. |
| JAMES N. LEE | Attorney for Defendant |
| Deputy General Counsel | 350 E. Michigan Avenue, Suite 435 |
| ADELE RAPPORT (P44833) | Kalamazoo, Michigan 49007 |
| ROBERT K. DAWKINS (P38289) | (269) 349-1400 |
| TAMMY C. KLEIN (P60256) | |
| Equal Employment Opportunity | |
| Commission, | WILLIAM L. LABRE (P27857) |
| 477 Michigan Avenue, Room 865 | LABRE LAW OFFICE |
| Detroit, Michigan 48226 | Intervening Attorney for Plaintiff |
| (313) 226-5673 | 68897 South Cass Street |
| | P.O. Drawer X |
| | Edwardsburg, MI 49112 |

## CONSENT DECREE

On September 14, 2004, the Equal Employment Opportunity Commission, (the "Commission" or "EEOC") commenced this action in the United States District Court for the Western District of Michigan on behalf of the Charging Party, Amy Butrick, ("Charging Party" or "Butrick"), against Defendant, Wilcox Grocery, L.L.C., ("Defendant" or " Wilcox"). In its Complaint the Commission alleged that Butrick had been subjected to a sexually hostile work

1

environment and that the Defendant failed to take prompt, effective, remedial action to stop the harassment. Defendant has denied the substantive allegations of the Commission's Complaint and entry into this Decree is in no way an express or implied admission of liability of any kind.

**FINAL DISPOSITION**

1. Through this Consent Decree, ("Decree") the Commission, Amy Butrick and Wilcox, desire to forever resolve all issues raised, presented or joined in Civil Action Number 5:04-CV-0169, without the burden, expense and potential delay of further litigation of all issues set forth in this lawsuit, and intend to be bound by the promises made herein.

**STIPULATED FACTS**

2. The Parties stipulate and agree that the EEOC is the agency of the United States government authorized to investigate allegations of unlawful employment discrimination, to bring civil actions to prohibit unlawful employment practices and to seek relief for individuals affected by the practices complained of in this lawsuit.

3. Wilcox Grocery is an employer engaged in an industry affecting commerce within the meaning of Section 701(g) and (h) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e(g) and (h). Wilcox Grocery had at least fifteen (15) employees for twenty (20) or more calendar weeks during the relevant time period.

4. Pursuant to Title VII, the Parties acknowledge the jurisdiction of the United States District Court for the Western District of Michigan over the subject matter and Parties to this case for the purpose of entering this Decree, and, if necessary, enforcing the provisions of this Decree.

5. Venue is appropriate in the Western District of Michigan. For purposes of this Decree and proceedings related to this Decree only, Wilcox Grocery agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

**MONETARY SETTLEMENT**

6. Wilcox Grocery agrees to pay Amy Butrick monetary relief in the amount of $32,500. Taxes and other statutory deductions shall be the sole responsibility of Butrick. Defendant shall make the check payable to Amy Butrick and William Labre, J.D., Attorney at Law. The check should be sent directly to 68897 Cass Street, P.O. Drawer X, Edwardsburg, Michigan 49112, within forty-five (45) days of the signing and acceptance of this Decree and the signing of a separate Settlement Agreement and Full and Final Release of Claims. A copy of the check shall be sent to Adele Rapport, Regional Attorney, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226, within fourteen (14) days of issuance of the check. Amy Butrick shall have the limited right to seek enforcement in this action for payment of the monetary relief, but shall otherwise be subject to the Settlement Agreement and Full and Final Release.

**NON-DISCRIMINATION**

7. Wilcox Grocery, its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, shall comply with the provisions of Title VII of the Civil Rights Act of 1964, as amended, and agree that it will not unlawfully discriminate against any and all individuals who work for Wilcox.

**NON-RETALIATION**

8. Wilcox Grocery, through its directors, officers, agents, successors, assigns and employees, will not retaliate against any person known to it who participated or cooperated in the investigation and civil action by the EEOC of Charge of Discrimination No: 230-A30-0024, filed under Title VII of the Civil Rights Act of 1964, as amended.

## DISPUTE RESOLUTION AND COMPLIANCE

9. The Parties agree that this Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either Party, the Court may schedule a hearing for the purpose of reviewing compliance ~~with~~ this Decree. The Parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give notice to each other fifteen (15) business days before moving for such review. If such review is deemed necessary by either Party, discovery will be conducted in an expedited fashion. More specifically, documents and other discovery materials shall be exchanged amongst the Parties within ~~ten~~ (10) business days of Notice.

## POSTING OF NOTICE

10. Wilcox Grocery shall post a mutually agreeable Notice, attached as Attachment "A", in at least one (1) conspicuous place at the location where Butrick worked for a period of nine (9) months. In addition, Wilcox Grocery will continue to post all employment discrimination Notices as required by applicable law at all times in one (1) conspicuous place at the aforementioned location.

## NON-ADMISSION OF LIABILITY

11. Wilcox Grocery has denied all allegations set forth in Civil Action Number 5:04-CV-0169 along with any and all inferences of wrongdoing, and has affirmatively asserted, among other defenses, that Butrick voluntarily resigned from her position of employment, that Butrick failed to avail herself or otherwise pursue the preventive or corrective opportunities made available to her by Wilcox Grocery in its employment policies; neither Wilcox Grocery's consent to the entry of this Decree, nor any of the terms or conditions set forth herein, shall constitute an adjudication or finding on the merits of the case or be construed as an admission of liability, wrongdoing, guilt, and/or violation of federal law, which Wilcox Grocery expressly denies.

## ALLOCATION OF COST

12. The Parties agree to pay their respective costs and attorneys fees associated with the drafting and enforcement of this Decree.

## SEVERABILITY CLAUSE

13. If any provision of this Decree is found to be unenforceable by a Court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

## TRAINING

14. Wilcox Grocery agrees to provide training to its officers, directors, supervisors, managers, assistant managers and its staff regarding Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and its prohibition against sexual harassment in the workplace. The training shall include a section on what constitutes sexual harassment and an explanation of the proper manner for reporting any alleged harassment or sex discrimination. Wilcox Grocery shall provide a list of employees along with the topics to be covered and the name of the individual conducting the training to Adele Rapport, Regional Attorney, Equal Employment Opportunity Commission, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226, at least thirty (30) days prior to the training session being conducted. In addition, Notice in the form of an attendance list and a list of topics covered shall be provided to Adele Rapport, Regional Attorney, at the previously provided address, within fifteen (15) days of the completion of the training session. All training shall be completed within six (6) months of the signing and entry of this Decree. If any such training has been conducted prior to the entry of this Decree Wilcox Grocery will provide the Commission with the date of training, an attendance list, list of topics discussed at the training, a copy of materials used, and the name and qualifications of the individual conducting the training to Adele Rapport, Regional

Attorney at the above stated address. If the Commission believes that this training was sufficient it will satisfy the training requirements as set forth in this Decree.

## ENTIRE AGREEMENT

15. This Decree constitutes the entire agreement and commitments of the Parties. Any modifications to this agreement must be mutually agreed upon in writing and signed by the Parties hereto.

## DURATION

16. The Parties agree that the duration of this Decree shall be for a period of nine (9) months.

Respectfully submitted,

/s/ Tammy C. Klein

ADELE RAPPORT (P44383)
ROBERT DAWKINS (P38289)
TAMMY C. KLEIN (P60256)
Attorney for Plaintiff
Equal Employment Opportunity Commission
Patrick V. McNamara Building
477 Michigan Avenue, Rm. 865
Detroit, Michigan 48226
(313) 226-5673

/s/ James E. Beck (With Permission)

JAMES E. BECK (P27614)
Attorney for Defendant
Beck & Chapman, P.C.
350 Michigan Avenue Suite 435
Kalamazoo, Michigan 49007
(269) 349-1400

WILLIAM L. LABRE (P27857)
Intervening Attorney for Plaintiff
LaBre Law Office
68897 South Cass Street
P.O. Drawer X
Edwardsburg MI 49112

IT IS SO ORDERED

/s/ Gordon J. Quist             April 27, 2005
HONORABLE GORDON J. QUIST       DATED
U.S. District Court Judge

F:\DOCUMENTS\Wilcox Grocery, LLC\EEOC vs WILCOX GROCERY, LLC-BUTRICK\Consent Decree J. Beck 03-22-05 Clean Draft.doc